UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)                                   CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                    NO. 16-360-JWD-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 6, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)                                              CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                               NO. 16-360-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate currently confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, Cindy Vannoy, Trent Barton, and Trish Foster, complaining that the defendants violated his due process rights, were deliberately indifferent to his safety, deprived him of his property and subjected him to cruel and unusual punishment.  He prays for compensatory and punitive damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v.*

*Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez, supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

In his Complaint, the plaintiff alleges the following:  Defendant Darrel Vannoy allows inmates to watch over other inmates and uses food items, including coffee and jelly, as punishment.  Defendant Cindy Vannoy stole a book from the plaintiff's package.  Defendant Trent Barton found the plaintiff guilty of a disciplinary violation without the plaintiff being present at the disciplinary hearing.  Defendant Trish Foster took away the plaintiff's visiting privileges without holding a proper disciplinary hearing.

The plaintiff's allegations fail to state a claim cognizable in this Court.  First, it is unclear whether the plaintiff has named the defendants herein in both their individual and their official capacities.  As to any claims the plaintiff may be asserting against the defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989).  Additionally, in *Hafer v. Melo*, 502 U.S. 21

(1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id*. at 25.  Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal.  In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state.  Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery.  Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury.  Accordingly, this aspect of the plaintiff's claim should be rejected.  Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

Turning to a consideration of the plaintiff's assertion that his due process rights were violated by defendants Trent Barton and Trish Foster in connection with a disciplinary proceeding, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved.  *Mahogany v.*

*Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id*. at 373-74.  This conclusion is equally applicable in the context of prison disciplinary proceedings.  *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation");  and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights.  *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).  Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights.  *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the punishment complained of does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. *See Malchi v. Thaler,* 211 F .3d 953, 958 (5th Cir. 2000) (holding that loss of commissary, telephone, and visiting privileges do not trigger due process protections).

Regarding the plaintiff's claim against defendant Cindy Vanoy for the removal of the plaintiff's book from his package, pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984);

*Parratt v. Taylor,* 451 U.S. 527, 542 (1981).  Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.  *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984).  In the instant case, the plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate.  To the contrary, it is recognized that Louisiana law provides ample remedies under which the plaintiff could have proceeded against the defendant for recovery of his property or for reimbursement for its loss.  *Id.* at 763.  Accordingly, the plaintiff's claim relative to an alleged loss of property rights is without constitutional merit.

The plaintiff also claims that he was subjected to unconstitutional conditions of confinement, which arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)*, citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care.  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).  *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones").  A constitutional violation occurs only when two requirements are met.  First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304.  Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety."

*Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).  In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan, supra*, 511 at 837.  Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference.  *Id.*  While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need.  Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.  *Wilson v. Seiter, supra*, 501 U.S. at 305.  Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing.  *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

      In the instant case, there is no indication that the plaintiff has been deprived of any basic human need.  The most that he has alleged is that, while housed at Camp J, he has been denied certain privileges and benefits, specifically coffee and jelly, which are available to inmates housed in the general population or other areas of the prison.  These deprivations, however, alone or in combination, have not deprived the plaintiff of the "minimal civilized measure of life's necessities" or of any specific "basic human need."  Under these circumstances, therefore, the

Court concludes that plaintiff's complaint about the lack of jelly and coffee does not rise to the level of a constitutional violation.[1]

The plaintiff also implies that Defendant Warden Vannoy has been deliberately indifferent to the plaintiff's safety.  Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.  *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981).  Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law.  *Id.* at 837.  A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Id. at 847*.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id.* at 837.

Applying the foregoing standard, the Court concludes that the plaintiff has failed to allege facts sufficient to support a claim that defendant Warden Vannoy was deliberately indifferent to a substantial risk of serious harm in failing to protect the plaintiff from his co-inmates.  The plaintiff merely alleges that "Warden Darrel Vannoy has allowed inmates to watch over other inmates..."  The plaintiff offers no facts in support of this allegation, much less any facts tending to show that the defendants were aware of a substantial risk of harm to the plaintiff and

---

[1] Plaintiff has submitted a "Declaration" informing the Court that since the filing of his lawsuit, jelly is now "back on the menu." (R. Doc. 4).

disregarded the risk. The plaintiff does not even allege that a substantial risk of harm exists. Based on these allegations, there is no basis for finding that defendant Warden Vannoy was subjectively deliberately indifferent to the plaintiff's safety or well-being. Accordingly, the plaintiff's claims have no arguable basis in fact or in law, and the complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[2] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on October 6, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."